IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BURT LEON SETTS,**

     **Petitioner,**

**v.**                             **Case No. 4:25cv227-MW/MAF**

**JARED ANDERSON,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner Burt Leon Setts, a detainee at the Florida Civil Commitment Center proceeding pro se, has filed a petition for writ of habeas corpus pursuant to section 28 U.S.C. 2241.   ECF No. 1.   He has not yet paid the filing fee or submitted a motion for leave to proceed in forma pauperis.

A review of the petition indicates Setts requests the Court "[d]ismiss both convictions for sexual battery and second degree murder and the civil commitment with prejudice and immediately release petitioner."   ECF No. 1 at 20.   He raises four grounds, three of which appear to challenge his 1983 criminal judgment and sentence entered by the Second Judicial Circuit, Gadsden County, Florida, in case number 82-CF-412.   *See id*. at 10-16.   In the fourth ground, Setts challenges his "civil commitment," asserting it "lacked jurisdiction because the underlying conviction is void."   *Id*. at 16.

To the extent Petitioner Setts seeks habeas corpus relief from his 1983 state court conviction and sentence, this Court lacks jurisdiction. From information on the website for the Florida Department of Corrections (DOC), Setts has apparently completed his sentence and DOC released him on May 24, 2024. *See* https://pubapps.fdc.myflorida.com/offenderSearch. If this is the case, when Setts filed this petition, he was no longer "in custody" pursuant to the 1983 conviction. Because he is no longer "in custody," his conviction is no longer subject to § 2254 habeas corpus attack and this Court does not have jurisdiction over such a petition. *See, e.g.*, Marsh v. Butterworth, No. 07-23197-CIV, 2008 WL 2782757 (S.D. Fla. July 16, 2008) (Order of Dismissal adopting Report and Recommendation, dismissing § 2254 petition, and finding Marsh no longer "in custody" because he had served his prison sentence for conviction he challenged; rather, he was currently detained at Florida Civil Commitment Center pursuant to Jimmy Ryce Act). *See also, e.g.*, Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000).

Moreover, Petitioner Setts has previously filed § 2254 petitions challenging his conviction and sentence in case number 82-CF-412. *See, e.g.*, Setts v. Jones, No. 4:14cv579-WS/CAS, ECF No. 17 (report and

recommendation to dismiss § 2254 petition as unauthorized second or successive § 2254 petition) and ECF No. 22 (order adopting report and recommendation and dismissing § 2254 petition for lack of jurisdiction); Setts v. McNeil, No. 4:08cv367-MP/WCS, ECF No. 6 (report and recommendation to dismiss § 2254 petition as unauthorized second or successive § 2254 petition) and ECF No. 10 (order adopting report and recommendation and dismissing § 2254 petition); Setts v. Mecusker, No. 4:03cv203-RH/WCS, ECF No. 6 (report and recommendation to dismiss § 2254 petition as unauthorized second or successive § 2254 petition) and ECF No. 8 (order adopting report and recommendation and dismissing § 2254 petition); Setts v. Singletary, No. 4:94cv40381, ECF No. 24 (report and recommendation to deny § 2254 petition on merits) and ECF No. 26 (order adopting report and recommendation, denying § 2254 petition, and closing file); *see also* Setts v. Crosby, No. 4:05cv77-WS/WCS, ECF No. 7 (report and recommendation to deny Rule 60(b)(3) motion as unauthorized or successive § 2254 petition) and ECF No. 13 (order adopting report and recommendation and denying motion).   The Eleventh Circuit Court of Appeals has at least twice denied Setts authorization for filing a second or successive § 2254 petition.   *See* Setts v. Mecusker, No. 4:03cv203-RH/WCS, ECF No. 10 (order filed Oct. 21,

2003); <u>Setts v. Crosby</u>, No. 4:05cv77-WS/WCS, ECF No. 17 (order filed July 6, 2005).    Thus, to the extent Petitioner Setts again challenges his conviction and sentence in case number 82-CF-412 – the same state court judgment that he challenged in prior § 2254 petitions – he has not shown a jurisdictional basis for this habeas action.    Such a petition is "second or successive," for purposes of section 2244(b)(3)(A), and this Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing.    *See* 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).

To the extent Setts challenges his civil commitment, he may be able to proceed with the § 2241 petition.    *See, e.g.*, <u>Medberry v. Crosby</u>, 351 F.3d 1049 (11th Cir. 2003); <u>Lloren v. Fla. Dep't of Children & Family Servs.</u>, No. 2:09cv767-FtM-99SPC, 2012 WL 6089477 (M.D. Fla. Dec. 7, 2012) (Opinion and Order denying habeas petition challenging continued civil commitment under Jimmy Ryce Act); <u>Morales v. Sheldon</u>, No. 2:09cv484-FtM-29SPC, 2011 WL 573840 (M.D. Fla. Feb. 15, 2011) (Order of Dismissal explaining, among other things, "[t]he Court properly construed the Petition as filed

pursuant to § 2241 because Petitioner seeks release from his civil commitment"). From the address and contact information he provided, Petitioner Setts is currently detained at the Florida Civil Commitment Center, in Arcadia, Florida, DeSoto County, which is in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Because jurisdiction for a § 2241 petition lies only in the district of confinement, in this case the Middle District of Florida, this Court does not have jurisdiction over Setts' § 2241 petition. *See, e.g.,* Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (explaining "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); U.S. v. Saldana, 273 F. App'x 845, 846 (2008) (vacating and remanding district court's order denying § 2241 petition, explaining Southern District of Florida lacked jurisdiction to consider § 2241 petition because "[n]one of the petitioners are confined in the Southern District of Florida" and "[o]nly a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition"); Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012) (explaining "jurisdiction for § 2241 petitions lies only in the district of confinement"). *See also* M.D. Fla. R. 1.02(b)5).

Accordingly, it is respectfully **RECOMMENDED** that this § 2241 petition, along with any pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2025.

> **S/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**